Barclay SLOAN, Marjorie Sloan, Charlotta Poppen, Margretta Faber, and Mina Sloan, Appellees,

v.

Robert WALLBAUM, Joe Wallbaum, and Myrtle Wallbaum, Appellants.

No. 88–1503.

Court of Appeals of Iowa.

Aug. 23, 1989.

David J. Mansheim of Klinkenborg, Hansmann & Mansheim, Parkersburg, for appellants.

Lee E. Poppen of Knoshaug & Poppen Law Firm, Clarion, for appellees.

Considered by DONIELSON, P.J., and SCHLEGEL and SACKETT, JJ.

SCHLEGEL, Judge.

Defendants appeal a district court judgment ordering them to remove an obstruction to a waterway that altered the natural flow of water from the plaintiffs' estate.

Defendants contend that the court's injunction was improper since the obstruction has not damaged plaintiffs' property but has helped prevent erosion on defendants' land.

Plaintiffs' land lies immediately north of, and is superior in elevation to, defendants' land. Water has drained from plaintiffs' property across defendants' property primarily through a grassy drainage ditch.

In 1985, plaintiffs tiled their land and had the sides of the ditch sloped and the ditch somewhat straightened.

In 1986, the defendants blocked the exit of the drainage ditch by use of a piece of tin and later with the addition of some fill dirt. Defendants claim the blockage was necessary to reduce the erosion caused by plaintiffs' tile and ditch construction in 1985, and it did not damage plaintiffs' land.

The plaintiffs brought this action seeking an injunction to remove the blockage and for monetary damages. No damages were awarded but an injunction to remove the blockage was entered. The defendants have filed this appeal.

This is an equitable action and therefore our review is de novo. Iowa R.App.P. 4. We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but we are not bound by these determinations. Iowa R.App.P. 14(f)(7).

■ The law in this case is not disputed. The general rule is that a servient estate cannot block the natural flow of water from the dominant estate. *Livingston v. McDonald*, 21 Iowa 160, 167 (1866). The evidence is clear that the plaintiffs are the owners of the dominant estate and that the defendants obstructed the flow of water in a naturally occurring drainage ditch from plaintiffs' estate.

■ Appellants' main contention is that the injunction issued by the court, requiring the appellants to remove the obstruction, was an improper remedy. A court of equity will not resort to the granting of injunctive relief unless it appears there is an invasion or threatened invasion of a right, and that substantial injury will result to the party whose rights are so invaded, or such injury is reasonably to be apprehended. *Schmitt v. Kirkpatrick*, 245 Iowa 971, 977, 63 N.W.2d 228, 231 (1954). The blockage in this case is only about twelve inches high, but according to the testimony of several witnesses, could possibly flood over five acres of land. The backup of water is already beginning to affect the tile that was placed in the ditch by the appellees. The appellants' own expert testified that a dam only one foot high can make a large difference when the rest of the land is flat, as it is here. The fact that no damage has occurred in the last three years means nothing due to the drought-like conditions. It is inevitable that it will rain and that the appellees will

be damaged. The flooding that will result will take several acres of land out of production, thereby causing substantial damage to the appellees. The violation of appellees' rights is clear, the current damage and potential for damage is also clear. The trial court was correct in issuing the injunction.

AFFIRMED.